UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 15 C 1038<br>Judge James B. Zagel |
| JOSEPH LOMBARDO. | |

## MEMORANDUM OPINION AND ORDER

Petitioner Joseph Lombardo seeks relief, in part and in whole, from his conviction. He filed his motion pursuant to 28 U.S.C. § 2255. For the following reasons, Petitioner's motion is denied.

Petitioner's § 2255 motion was untimely filed due to a mistake by counsel who knew that the petitioner had one year (and only one year) to file a § 2255. The error arose because counsel believed that the clock began running when a motion for rehearing from denial of *certiorari* was issued by the Supreme Court. The clock, however, actually started running when the Supreme Court originally denied his *certiorari* on March 25, 2013. More than one year passed from this date before Petitioner filed his § 2255 motion on May 31, 2014. This petition, therefore, is more than two months late.

Petitioner asserts that he is entitled to equitable tolling because his lawyer misunderstood the proper statute of limitations date. This kind of mistake, however, is not enough to invoke equitable tolling in § 2255 cases. *See Robinson v. United States*, 416 F.3d 645, 651 n.1 (7th Cir. 2005). Missing a deadline because that deadline has been miscalculated is not excusable neglect. Although abandoning a client may be an event that justifies a finding of excusable neglect, miscalculating a deadline is no such event. *See Holland v. Florida*, 560 U.S. 631, 651-52 (2010), *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). In the post-conviction world, the prisoner has

no absolute right to counsel and would be well-off counting to the tolling date himself along with his hired counsel.

Petitioner also argues that he is entitled to a delayed start of the limitations period because his claims were based on evidence that was not discovered until much later. Specifically, Petitioner points to evidence submitted not long ago by Charles Miceli. The problem with this argument, however, is that the evidence that has been submitted is old material. Miceli has filed many papers asserting that he has proof that Petitioner was not part of a homicide considered at trial. Some of the these papers were filed during Petitioner's trial in 2005 when Miceli filed a motion claiming that Petitioner was innocent of one homicide (in 2005), and the claims were the subject of reports in the news in 2005. In other words, this evidence is not new and does not entitle Petitioner to a delayed start.

Furthermore, the Miceli information is not valuable to anyone because Miceli is not a credible witness. Miceli claims to have been present in 1974 when one person was murdered, but his memories seem unlikely because Miceli was a young child in 1974 and Miceli has shown to lack credibility on several occasions. He is a fabulist and worthless as a witness. In any event, his fables are not new and are lost to Petitioner's claims in this case.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: July 29, 2015

2